CLD-060                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1618
_____

LINWOOD COLA PARKER,
                                           Appellant

v.

WARDEN FORT DIX FCI;
DIRECTOR FEDERAL BUREAU OF PRISONS;
UNITED STATES ATTORNEY GENERAL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-04791)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: January 7, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Linwood Cola Parker is an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey. He appeals from an order of the United States District Court for the District of New Jersey dismissing his habeas petition under 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2007, after a federal jury trial in the Eastern District of Virginia, Parker was convicted of numerous charges relating to a conspiracy to distribute powder cocaine. The sentencing court imposed a 276-month sentence. The Fourth Circuit affirmed, and the United States Supreme Court denied Parker's petition for a writ of certiorari. In 2010, Parker filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was unsuccessful before the sentencing court and on appeal to the Fourth Circuit. Parker later returned to the sentencing court to file additional unsuccessful motions for collateral relief, including a September 2013 filing titled "Motion to Compel Post Conviction Disclosure of Brady Material…." The sentencing court denied relief, noting, "As stated in the court's December 31, 2012 Final Order, which denied the Defendant's previous successive petition, the Defendant may not circumvent the ban on successive habeas petitions by creatively captioning his pleadings. The basic fact remains that this court lacks jurisdiction to review successive § 2255 motions." United States v. Parker, No. 07-cr-00068 (E.D. Va. Sept. 26, 2013) (Order), Appellant's Summary Action Response at App. 29-30.

Parker then filed his § 2241 habeas petition in the District Court. He invoked the decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Supreme Court held that any fact that increases a minimum sentence must be submitted to the jury. As background for his claim, Parker explained that he was charged with conspiracy involving five kilograms or more of cocaine, but the jury entered a special verdict finding him guilty for a drug quantity less than the five kilogram amount. The sentencing court overruled Parker's motion for acquittal on that count, ultimately making a preponderance of evidence finding that the conspiracy involved ninety kilograms of cocaine. Thus, in his § 2241 petition, Parker claimed that he is "actually innocent" of the conspiracy offense in light of Alleyne and the lack of jury finding regarding the amount of cocaine for which he was sentenced. Acknowledging his § 2255 history, Parker asserted that he is entitled to relief under § 2241 pursuant to In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The District Court dismissed the petition for lack of jurisdiction, concluding that Parker's Alleyne claim did not qualify him for § 2255 "safety valve" relief under § 2241.

Parker appeals the dismissal of his § 2241 habeas petition. Upon notification that this appeal would be submitted for possible summary action, Parker submitted a response containing argument in support of his appeal. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

As discussed by the District Court, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d at 249. A habeas petitioner can seek relief under § 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

In his response filed in this Court, Parker explains that, in addition to allowing the jury to return a verdict reflecting an amount of cocaine below the five-kilogram amount charged in the indictment, the sentencing court unconstitutionally applied a ten-year mandatory minimum sentence based on a drug quantity much greater than the quantity found by the jury. See Appellant's Response at 25-26. Parker likens his situation to the

4

one presented in United States v. Tyler, 732 F.3d 241 (3d Cir. 2013), in arguing that § 2241 relief is available to him.[1]

We find no merit in Parker's position. The appellant in Tyler was convicted of two counts of tampering with a witness, by murder and by intimidation, under the Victim and Witness Protection Act, 18 U.S.C. § 1512. He argued that intervening Supreme Court interpretations of § 1512's proscribed conduct rendered his own conduct non-criminal. See Tyler, 732 F.3d at 247-48. In allowing the appellant in Tyler to proceed under § 2241, we reaffirmed the availability of "safety valve" relief when § 2255 is inadequate to address claims that a petitioner is detained for conduct later rendered non-criminal. See id. at 246. The situation in Parker's case is distinguishable. Here, Parker asserts that the presentation to the jury of "alternative theories" of conviction concerning the varying cocaine amounts is unconstitutional in light of Alleyne, but he fails to show the type of "exceptional circumstances" that allowed the pursuit of § 2241 relief in In re Dorsainvil and Tyler. See Tyler, 732 F3d at 246 (discussing In re Dorsainvil). Specifically, as the District Court stated, nothing in Alleyne renders Parker's conduct non-criminal. Despite Parker's protestations to the contrary, his claim ultimately concerns the amount of cocaine involved in his offenses and the related effect on his sentence. This is not the type of claim that allows him to pursue § 2241 relief under In re Dorsainvil.

---

[1] Parker also relies on United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014). Unlike the situation here, the appellant in Whiteside was pursuing relief on his initial § 2255 motion, on a claim concerning the career offender enhancement. Also, we note that the matter is pending rehearing en banc. See Whiteside v. United States, 578 F. App'x 218 (4th Cir. 2014).

We have considered Parker's arguments and the record and find that no substantial question is presented. Accordingly, we will affirm the judgment of the District Court dismissing Parker's § 2241 habeas petition. <u>See</u> Third Circuit LAR 27.4; I.O.P. 10.6.